<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4568**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

RAJAHN BROWN, a/k/a Big Bra,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, Senior District Judge. (4:15-cr-00016-FL-1)

Submitted: May 26, 2016            Decided: May 31, 2016

Before TRAXLER, Chief Judge, and NIEMEYER and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. John Stuart Bruce, Acting United States Attorney, Jennifer P. May-Parker, Barbara D. Kocher, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rajahn Brown pled guilty to conspiracy to possess with intent to distribute heroin and marijuana, two counts of possession with intent to distribute and distribution of heroin, and possession with intent to distribute marijuana and MDMA/Ecstasy. On appeal, he challenges the reasonableness of the 204-month sentence imposed by the district court. Finding no abuse of discretion in this sentence, we affirm.

We "review all sentences — whether inside, just outside, or significantly outside the Guidelines range — under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). Where, as here, the defendant does not assert procedural sentencing error, we turn our attention to the substantive reasonableness of the sentence, considering "the totality of the circumstances." Id. at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) [(2012)] factors." United States v. Louthian, 756 F.3d 295, 306 (4th Cir.) (citation omitted), cert. denied, 135 S. Ct. 421 (2014). We conclude that Brown has not met this burden.

Brown contends that the sentence imposed is greater than necessary to meet the goals of the sentencing factors, citing his

tragic childhood and the probation officer's comment that Brown's abusive childhood could be basis for a downward variance. The court did, in fact, consider Brown's difficult childhood in mitigation, but, after consideration of the § 3553(a) factors, determined that a 204-month sentence was appropriate. We conclude that the district court adequately explained its reasons for the sentence imposed and that Brown's within-Guidelines range sentence is reasonable. See Gall, 552 U.S. at 41; Louthian, 756 F.3d at 306 (applying appellate presumption of reasonableness to a sentence imposed within a properly calculated advisory Guidelines range).

We therefore affirm Brown's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED